Mr. Kie D. Hall, Executive Director Arkansas Public Employees' Retirement System One Union National Plaza 124 W. Capitol Little Rock, Arkansas 72201
Dear Mr. Hall:
This official Attorney General opinion is rendered in response to your recent question concerning the computation of "credited service" for members of the General Assembly, for purposes of determining eligibility for retirement benefits under the Arkansas Public Employees' Retirement System (APERS).
As you note in your correspondence, Act 1356 of 1995 amended the language of A.C.A. § 24-3-201 et seq. so as to provide that members of APERS other than members of the General Assembly shall vest for the various benefits available from the System after five years of credited service. Members of the General Assembly must accrue at least ten years of credited service in order to vest for benefits.
You have presented the following question:
 Can a member who has a mixture of legislative and non-legislative service count the legislative service to meet the five-year vesting requirement?
It is my opinion that legislative and non-legislative service cannot be mixed for the purpose of meeting the five-year vesting requirement.
The language of Act 1356 of 1995 does not address this question. Nevertheless, when read as a whole, the language of the Act does appear to indicate an intent that legislative service be calculated separately from non-legislative service, rather than in combination with non-legislative service.
As an initial matter, it is notable that every reference in the Act to the five-year vesting requirement is stated in connection with a phrase specifically excepting members of the General Assembly from the provision. See, e.g., A.C.A. § 24-3-201 ("except for members of the General Assembly who must have ten (10) or more years of credited service"); A.C.A. § 24-3-206 ("except for members of the General Assembly, who must have at least ten (10) years of credited service"); A.C.A. § 24-3-207 ("except for members of the General Assembly, who must have at least ten (10) years of credited service"); A.C.A. § 24-3-208 ("except for members of the General Assembly who need at least ten (10) years of credited service").
The phrase "credited service," as used in the above-quoted provisions, is defined in A.C.A. § 24-3-102, as follows: "`Credited service' means employment covered by a named plan which is credited as service by a named plan, subject to the provisions of § 24-3-301."
Accordingly, the provisions of A.C.A. § 24-3-301 ultimately control the meaning of the phrase "credited service." It states:
24-3-301. Credited service generally.
 (a) The governing body of each named plan shall establish the amounts of service to be credited its members subject to the provisions of subsection (b) of this section.
* * *
 (b)(4)(A) Employment as a member of the General Assembly shall be credited at the regular rate for crediting service, except that at least ten (10) years of actual service shall be required to meet the retirement eligibility requirements of §§ 24-3-201 (a) and (b), 24-3-206 (a), 24-3-207 (a), and 24-3-208, and at least five (5) years of actual service shall be required to meet the eligibility requirements of § 24-3-209.
 (B) A member of the General Assembly who at any time has served at least six (6) months during a two-year term to the General Assembly shall be credited with no more than one (1) year's actual service.
A.C.A. § 24-3-301.
The use of the phrase "actual service" in the above-quoted statute is pertinent to the issue you have raised. Because section (b), above, addresses only the calculation of credited service as a member of the General Assembly, the phrase "actual service," as used in section (b)(4)(A), must refer only to service in the General Assembly. This reading of the phrase is bolstered by the use of the phrase "actual service" in section (b)(4)(B), which by its unambiguous terms clearly refers only to actual service in the General Assembly. This interpretation of the phrase "actual service" is consistent with the traditional interpretation of that phrase as referring to real-time service as opposed to the double service credit. See Op. Att'y Gen. No.89-379.
The above-explained interpretation of the phrase "actual service" is significant to your question, because it leads to the conclusion that "credited service" for General Assembly members, as described in A.C.A. § 24-3-301, means credited service only as a member of the General Assembly. This is so under the following line of reasoning: If, pursuant to A.C.A. § 24-3-102, the provisions of A.C.A. § 24-3-301 control what is meant by the phrase "credited service" as that phrase is used in the benefits provisions, and if, under A.C.A. § 24-3-301, "credited service" for General Assembly members means only actual service as a member of the General Assembly, then it must be concluded that each of the specific benefits provisions which require ten years of credited service for General Assembly members to vest for benefits must be interpreted to require that the years of service as a General Assembly member be calculated separately from any years of service in another capacity.
Accordingly, it is my opinion that years of legislative service cannot be combined with years of non-legislative service for purposes of meeting the five-year vesting requirement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh